IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDLETON DIVISION

A & B ASPHALT, INC, a Washington corporation,

        Plaintiff,

LEAVE

        v.

HUMBERT ASPHALT, INC., an Oregon corporation; DAN HUMBERT, an Oregon citizen; and BRAD HUMBERT, an Oregon citizen,

        Defendants.

Case No. 2:13cv-00104-SU

ORDER ON MOTION FOR

TO TAKE LIMITED DISCOVERY AND FILE SUR-REPLY

SULLIVAN, Magistrate Judge

    Plaintiff A & B Asphalt, Inc. ("A & B") filed a complaint against Humbert Asphalt, Inc., Dan Humbert and Brad Humbert ("Humberts") alleging defamation *per se* and intentional interference with business relationships and prospective business relationships. Jurisdiction in this court is based on diversity pursuant to 28 U.S.C. § 1332(a). Defendants filed a Special Motion to

1 - ORDER

Strike (Anti-SLAPP Motion Under ORS 31.150). Plaintiff filed an Opposition to defendants' motion. Additionally, plaintiff filed a Motion for Leave to Take Limited Discovery and File Sur-Reply. Plaintiff seeks limited discovery of two individuals, Kenneth Hanafin and John Royse, with whom plaintiff's attorney has spoken and corresponded regarding statement made by the Humberts. Plaintiff also seeks leave to file a Sur-Reply following depositions of the two individuals. For the reasons set forth below, plaintiff's motion is granted in part, and denied, in part.[1]

*Legal Standard*

The Ninth Circuit permits the application of Oregon's anti-SLAPP statute, OR. REV. STAT. §§ 31.150-31.155, in federal diversity suits. *Gardner v. Martino,* 563 F.3d 981 (9th Cir. 2009). Section 31.152(2) provides:

> All discovery in the proceeding shall be stayed upon the filing of a special motion to strike under ORS 31.150. The stay of discovery shall remain in effect until entry of the judgment [on the motion]. The court, on motion and for good cause shown, may order that specified discovery be conducted notwithstanding the stay imposed by this subsection.

Generally, discovery orders are within the court's discretion under both federal procedural law and under the Oregon anti-SLAPP statute. *Ibrahim v. Department of Homeland Sec.*, 669 F.3d 983 (9th Cir. 2012); *Page v. Parsons*, 249 Or. App. 445, 456 (2012).

*Discussion*

Plaintiff alleges defendants made false and defamatory statements of fact concerning plaintiff's business and operations, including statements that Humbert had to redo A & B's asphalt jobs because of poor quality. (Compl. ¶ 8.) Plaintiff specifically alleges defendants stated plaintiff

---

[1] Plaintiff's motion also included a request to subpoena Don Bush and Greg Basel for deposition. This part of the motion has been withdrawn and is, therefore, denied.

uses recycled asphalt, which does not comply with project specifications. (Compl. ¶¶ 9,12.) Defendants anti-SLAPP motion to strike and accompanying affidavits contend plaintiff's Complaint for defamation and interference with business relations implicates matters of public interest under section 31.150(2)(d) because the references to statements made by defendants regarding use of recycled asphalt concern a job done by A & B for Walla Walla County.

Plaintiff submitted affidavits and documents required to meet its burden under section 31.150(3) to establish there is a probability plaintiff will prevail on its claim. The affidavits include statements of various persons who heard the Humberts make disparaging remarks about A & B which are not limited to the Walla Walla County job. However, despite conversations between A & B's attorneys and Hanafin and Royse, the two men declined to submit sworn statements. The Hanafin and Royse unsigned declarations relate to the Walla Walla County job. Plaintiff seeks to obtain deposition testimony related to the unsigned declarations.

There is no dispute the discovery sought is limited in its scope. Rather, defendants object to the discovery on the ground plaintiff failed to demonstrate "good cause" for the discovery. Defendants argue because plaintiff submitted other affidavits purporting to establish its *prima facie* case, it has no need for the depositions. During hearing on the matter and in response to a question from the court, defendants' attorney indicated she was aware of a recent Oregon case, *Page v. Parsons*, 249 Or. App. 445, in which the Oregon Court of Appeals discussed limited discovery under section 31.152(2). This court allowed addition briefing to address that Oregon case.

Having reviewed the additional briefing submitted by the parties and the Oregon Appellate Court's decision in *Page v. Parsons*, the court is persuaded the decision in *Page*, while helpful regarding discussion of the Oregon ante-SLAPP statute in general, does not apply to the facts of the

3 - ORDER

instant case. In *Page*, plaintiff was seeking "wide-open discovery" as described by the trial court. 249 Or. App. at 457. In fact, the trial judge gave plaintiff the opportunity to specify discovery and to explain reasons why it was necessary. Instead, plaintiff submitted another broad discovery request. *Id.* The appellate court determined the trial judge did not abuse his discretion in denying the discovery request.

Here, plaintiff sufficiently limits its discovery request and demonstrates why the discovery is necessary regarding the alleged defamatory statements made by defendants about the Walla Walla County job. Under the circumstances, the discovery is allowed.

*Conclusion*

Based upon the foregoing, plaintiff's Motion for Leave to Take Limited Discovery (doc. #25) 25) is GRANTED, in part, as follows: The issuance of subpoenas for the depositions of Kenneth Hanafin and John Royse is allowed. The depositions shall be limited to subjects addressed in Hanafin's signed witness statement and draft declaration, to subjects addressed in Royse's draft declaration and the reason for Mr. Royse declining to sign the declaration. The motion is DENIED with regard to the depositions of Don Bush and Greg Basel. Further, plaintiff's Motion to File a Sur-Reply is GRANTED. Upon completion of the depositions, plaintiff shall submit its Sur-Reply within 10 days. Defendants may respond to the Sur-Reply within 10 days of its filing.

IT IS ORDERED

DATED this 26th day of June 2013

                                         /s/ Patricia Sullivan
                                                 Patricia Sullivan
                                        United States Magistrate Judge