IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **A&B ASPHALT, INC.**, <br><br>      Plaintiff, <br><br>v. <br><br>**HUMBERT ASPHALT, INC.**, et al., <br><br>      Defendants. <br><br>v. <br><br>**ADAM SCHATZ**, et al., <br><br>      Counterclaim Defendants. | Case No. 2:13-cv-0104-SU <br><br>**ORDER ADOPTING FINDINGS AND RECOMMENDATION** |

**Michael H. Simon, District Judge.**

      United States Magistrate Judge Patricia Sullivan issued Findings and Recommendation ("F&R") in this case on May 8, 2014. Dkt. 71. Judge Sullivan recommended that A&B Asphalt, Inc.'s ("A&B") motion to dismiss and motion to strike (Dkt. 64) be granted in part and denied in part. Judge Sullivan recommended that Humbert Asphalt, Inc., Dan Humbert, and Brad Humbert's (collectively, "Humbert") two counterclaims be dismissed, that A&B's motion to strike Humbert's first, second and eighth affirmative defenses be denied, and that A&B's motion to strike Humbert's sixth and seventh affirmative defenses be granted.

PAGE 1 – ORDER ADOPTING FINDINGS & RECOMMENDATION

Under the Federal Magistrates Act ("Act"), the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1)(C). If a party files objections to a magistrate's findings and recommendations, "the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.*; Fed. R. Civ. P. 72(b)(3).

For those portions of a magistrate's findings and recommendations to which neither party has objected, the Act does not prescribe any standard of review. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985) ("There is no indication that Congress, in enacting [the Act], intended to require a district judge to review a magistrate's report[.]"); *United States. v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (the court must review *de novo* magistrate's findings and recommendations if objection is made, "but not otherwise"). Although in the absence of objections no review is required, the Magistrates Act "does not preclude further review by the district judge[] *sua sponte* . . . under a *de novo* or any other standard." *Thomas*, 474 U.S. at 154. Indeed, the Advisory Committee Notes to Fed. R. Civ. P. 72(b) recommend that "[w]hen no timely objection is filed," the Court review the magistrate's recommendations for "clear error on the face of the record."

Humbert timely filed an objection. Dkt. 73. Humbert objects "to the extent" Judge Sullivan intended her dismissals to be with prejudice. Humbert also objects that Judge Sullivan applied the incorrect causation standard when analyzing the validity of Humbert's claim under the Washington Consumer Protection Act ("CPA").

For those portions of Judge Sullivan's F&R to which neither party has objected, the Court follows the recommendation of the Advisory Committee and reviews those matters for clear error on the face of the record. No such error is apparent. Accordingly, the Court ADOPTS

those portions of the F&R. The Court has reviewed *de novo* the two portions of Judge Sullivan's F&R to which Humbert has objected, as well as Humbert's objection and A&B's response, and discusses each in turn.

The Court rejects Humbert's objection regarding whether Judge Sullivan intended the dismissal of the counterclaims as moot. Judge Sullivan did not state that these were to be with prejudice, and without specifically indicating otherwise, they are deemed to be without prejudice. Additionally, Judge Sullivan noted in her opinion, as a factor that tipped the scale in the "close call" as to whether to strike Humbert's sixth and seventh affirmative defenses, that Humbert had indicated its intent to amend to remedy any pleading defects found by Judge Sullivan. Accordingly, it is clear that Judge Sullivan anticipates a motion to amend its pleading to be filed by Humbert.

With regard to Humbert's second objection, that Judge Sullivan applied the incorrect causation standard with respect to Humbert's CPA claim, the Court notes that Humbert did not object to Judge Sullivan's finding that Humbert's CPA claim fails to properly plead the necessary element that the alleged conduct had an impact on the public interest. The Court has adopted that portion of Judge Sullivan's F&R. Because all elements are required to state a claim under the CPA , Humbert fails to state a claim under the CPA based on Humbert's failure to adequately allege an impact to the public interest. Accordingly, the Court need not reach the issue of whether Humbert adequately pled causation to resolve A&B's motion to dismiss, and therefore, the Court does not adopt that portion of Judge Sullivan's F&R. The Court expresses no opinion as to the causation standard under the CPA in the circumstances of this case.

The Court **ADOPTS IN PART** Judge Sullivan's Findings and Recommendation, Dkt.71. The Court adopts all portions of the F&R except for the finding relating to the causation element

of the CPA claim, which the Court need not reach to resolve the pending motions. A&B's motion to dismiss is GRANTED and motion to strike is GRANTED IN PART. Humbert's two counterclaims are dismissed and its sixth and seventh affirmative defenses are stricken, without prejudice. A&B's motion to strike Humbert's first, second, and eighth affirmative defenses is DENIED.

**IT IS SO ORDERED.**

DATED this 24th day of July, 2014.

/s/ Michael H. Simon
Michael H. Simon
United States District Judge